[928 NYS2d 863]

In the Matter of Frank J. Ingrassia, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, August 30, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Supreme Court of the State of Florida, by order dated October 27, 2010 (48 So 3d 838 [2010] [table; text at 2010 WL 4387509, 2010 Fla LEXIS 1850 (2010)]), disbarred the respondent from the practice of law in that state, effective 30 days from the date of the order. The order approved the "unconditional guilty plea and disbarment on consent" executed by the respondent on September 29, 2010.

By executing the "unconditional guilty plea and disbarment on consent," the respondent admitted that he is currently the subject of a disciplinary proceeding before the Florida Bar. He further admitted and stipulated that he is the subject of investigation by the Florida Department of Law Enforcement with regard to his preparation of forged court orders. The respondent noted, however, that there was no allegation that he submitted the forged orders to the court, nor any allegation of misuse of client funds. The respondent admitted that he violated Rules Regulating the Florida Bar rule 3-4.3 (misconduct and minor misconduct) and rule 4-8.4 (b) ("A lawyer shall not . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects") and (c) ("A lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation"). The respondent agreed to be disbarred, to pay costs in the sum of $1,250 incurred by the Florida Bar, to immediately close out his practice, and to not accept any new clients.

The instant notice was served via first class mail on the respondent's attorney on February 3, 2011. More than 20 days have elapsed since service of the notice. The respondent has not submitted a verified statement setting forth any of the enumerated defenses in 22 NYCRR 691.3 (c), nor has he requested additional time in which to respond. Accordingly, there is no impediment at this juncture to the imposition of reciprocal discipline.

Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts for the imposition of reciprocal discipline is granted, and the respondent is disbarred in New York based upon his disbarment in Florida.

PRUDENTI, P.J., RIVERA, SKELOS, FLORIO and ROMAN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Frank J. Ingrassia, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Frank J. Ingrassia, shall promptly continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Frank J. Ingrassia, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Frank J. Ingrassia, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).